KROUSE (UNITED STATES v.). See Case No. 15,544.

---

## Case No. 7,941.

### In re KRUEGER et al.

[2 Lowell, 66; [2] 5 N. B. R. 439.]

District Court, D. Massachusetts. Sept., 1871.

PARTNERSHIP—USE OF NAME — NOTICE TO THIRD PARTIES—HOLDING OUT—BANKRUPTCY.

1. One who permits his name to be used in a firm from which he has retired is liable to a person who has bought a note of the new firm, without notice or knowledge of the change. In such a case constructive notice is not sufficient.

2. One who permits himself to be held out as a partner may be made bankrupt as a member of the firm at the suit of creditors.

Petition against Krueger, Loud & Bailey, alleged to be partners in trade under the firm of Krueger, Loud & Co., and to have stopped payment of their commercial paper. Krueger defended on the ground that he had left

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

the firm before the note held by the petitioners was given. The firm had carried on the lumber business at Boston for about three years, and in September, 1870, there was a verbal agreement for a dissolution. Krueger retired, and sold out his interest to the remaining partners on a credit of four months, with a condition that the sale should be void if the notes were not paid at maturity, which they were not. He took no further part in the business, which, however, was conducted in the old name of Krueger, Loud & Co., with his consent, and the name remained over their place of business. In December, 1870, notice was published, three times each, in two newspapers of Boston, that Krueger had retired, and that Loud & Bailey would continue the business at the same place and under the old name. The petitioners were bankers, who had often discounted the firm notes and other paper signed or indorsed by them; but never by direct negotiation with the firm, or any member thereof, but through a broker or other third person. This note was given, in the name of Krueger, Loud & Co., in February, 1871, to Badger & Batchelder, in exchange for their note, as had often been done by both the old and new firm. The petitioners had no actual notice of the dissolution, though they always took in at their office one of the newspapers in which the notice was printed. There was conflicting evidence upon the question, whether Badger & Batchelder had such notice. They sold the note to the petitioners for value, before its maturity.

H. D. Hyde, for petitioners.
C. P. Judd, for defendant Krueger.

LOWELL, District Judge. Three points are clear upon the evidence before me: 1. The firm of Krueger, Loud & Co. was dissolved by the retirement of Krueger in September, and this was published in the newspapers in December. 2. The petitioners had no actual notice, and supposed when they took the note that it bound Mr. Krueger. 3. The old firm style, which included the name of Krueger, was retained by his former partners, with his consent. The other matter of fact, whether Badger & Batchelder, the payees of the note, had actual notice of the change, was not so fully cleared up as would be desirable, and might have been practicable, if all possible witnesses had been examined. Assuming that the petitioners had never dealt so directly with Krueger, Loud & Co. as to be entitled to actual notice of the dissolution of the partnership, still, if they took this note, relying in part on the credit of Krueger, and he authorized his late partners to use his name in their business, he is responsible as a partner in respect to this note. One of the reported cases decides that the mere authority to use the former partner's name imports an obligation for all debts, even those held by a person who knew of the arrangement. Brown v. Leonard, 2 Chit. 120.

Another case decides that the retired partner, if his name is retained in the firm, is liable for injuries caused by the negligence of a driver of a dray belonging to the new firm. Stables v. Eley, 1 Car. & P. 614. These decisions go much beyond any thing demanded by this case; but they seem to have received the approval of the text-writers. Thus Chancellor Kent says (3 Comm., 5th Ed., 68): "When a single partner retires from the firm, the same notice is requisite to protect from continued liability; and even if due notice be given, yet, if the retiring partner willingly suffers his name to continue in the firm, or in the title of the firm over the door of the shop or store, he will still be holden." And in 1 Lindl. Partn. 45, it is said to be wholly immaterial whether the person holding himself out as a partner does or does not share profits or losses, and even that it is known that he does not share them; because the permission to use his name imports a willingness to be liable for the debts, and to look to the real partners for indemnity. And at page 330 of the same volume, we find: "If a partner retires, and gives notice of his retirement, and he nevertheless allows his name to be used as if he were still a partner, he will continue to incur liability, on the principle of holding out explained in the earlier part of this treatise."

That one who is not really a partner may be bound as such to third persons, who have been led by his acts or declarations to believe him to occupy that relation, is familiar law, and has been often recognized in Massachusetts [where this note was made and negotiated.][2] Story, Partn. §§ 64, 65; Fitch v. Harrington, 13 Gray, 468; Adams Bank v. Rice, 2 Allen, 483, per Bigelow, C. J. In Goddard v. Pratt, 16 Pick. 412, it was held that the members of a copartnership which had been dissolved, but permitted the firm name to be used by an incorporated company, were liable upon contracts made by the corporation in the name of the firm with persons who had no knowledge of the dissolution. That case does not find what notice is necessary in order to exonerate the partners; and it may be argued, with some force, that a publication in the newspapers is enough to bind all persons who had not dealt directly with the firm before the notice was published. This is the general rule; but we have seen that the English books, and Chancellor Kent in his Commentaries, make an exception of a case like the present, and hold that the retiring partner remains liable, notwithstanding notice, if his name is still used with his consent. It may possibly be doubted whether an estoppel ought to apply where the creditor has actual notice of the true state of the case; but leaving out actual notice, which is negatived by the evidence here, I believe the true rule to be, that one who suffers his name to be used in a firm must answer to all who rely on that name, whether old customers or not. Here is

[2] [From 5 N. B. R. 439.]

a note signed Krueger, Loud & Co., with the defendant's authority. As between the parties, it means only Loud & Bailey; but when third persons take it in good faith, believing that it binds the three persons who are apparently bound by it, they must be bound [unless the party had actual knowledge that the firm name expressed something different from its purport, and this, upon the familiar principle that the retiring partner has enabled his former associates to mislead an innocent third person, and a mere constructive notice does not take a case out of this first rule.] [2]

It was held in Massachusetts that one not really a partner could not be made bankrupt as such upon the petition of one of the actual partners. Hanson v. Paige, 3 Gray, 239. But I have no doubt that creditors may proceed in bankruptcy, as elsewhere, against all the persons who are held out as partners. See Re Disderi, L. R. 11 Eq. 242; Re Rowland, 1 Ch. App. 421. In accordance with this opinion, the defendant Krueger will be defaulted.